IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIMA LABS INC., AZUR PHARMA LIMITED, and AZUR PHARMA INTERNATIONAL III LIMITED | : : : : |
| Plaintiffs, | : : |
| v. | : C.A. No. 10-625-LPS |
| MYLAN PHARMACEUTICALS, INC., | : : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this 21st day of March, 2014, having considered the motion filed by Defendant Mylan Pharmaceuticals Inc. ("Mylan") to lift the stay of this litigation (D.I. 72), and the opposition filed by Plaintiffs CIMA Labs Inc. ("CIMA"), Azur Pharma Limited, and Azur Pharma International III Limited (collectively, "Plaintiffs") (D.I. 75);

IT IS HEREBY ORDERED that Defendant's motion to lift the stay (D.I. 72) is GRANTED for the following reasons:

1.  Background. The history of this action up to the time the litigation was stayed is recited in the Memorandum Order of April 18, 2011, granting a stay. (D.I. 53) After that date, two related actions filed by Plaintiff against Barr Laboratories ("Barr") have been dismissed by stipulation of the parties. (C.A. No. 08-531-LPS D.I. 70; C.A. No. 09-349-LPS D.I. 13) A third

1

related action by Plaintiff against Novel Laboratories, Inc. ("Novel") remains stayed by stipulation. (*See* C.A. No. 08-886-LPS D.I. 22) The stay in the Novel action will be lifted when the stay in the instant case is lifted. (*See id.*)

2. Reexaminations of the two patents-in-suit – U.S. Patent Nos. 6,024,981 (the "'981 patent") and 6,221,392 (the "'392 patent") – are now complete. The *Inter Partes* Reexamination Certificate for the '392 patent was issued on September 20, 2013. (*See* D.I. 81 at 2) An *Ex Parte* Reexamination Certificate was issued for the '981 patent on January 9, 2014. (*Id.*) Due to an error in this latter certificate, Plaintiff filed a petition for correction, which remains pending. (*Id.* at 2-3)[1]

3. <u>Legal Standards</u>. Whether or not to stay litigation pending reexamination by the PTO of the patents-in-suit is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1998). In exercising this discretion, the Court must weigh the competing interests of the parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The factors courts typically consider in deciding how to exercise this discretion are: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See St. Clair Intellectual Property v. Sony Corp.*, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003).

4. <u>Parties' Contentions</u>. Defendant argues the stay should be lifted immediately because the reexaminations of both patents-in-suit have concluded. (D.I. 72 at 3) Plaintiffs

---

[1] Defendant contends, and Plaintiff does not disagree, that the issuance of the corrected Certificate of Reexaminaton for the '981 patent is imminent. (D.I. 76 at 2)

respond that the stay in this case and in the related Novel action should be lifted contemporaneously with the consolidation of this case and the Novel action and the entry of a case schedule. (D.I. 75 at 2-3)

5. <u>Discussion</u>. Given the circumstances, including that Plaintiffs agree that the stay should be lifted soon, there is no need to analyze the factors the Court typically considers in deciding whether to stay litigation. Having considered the parties' arguments, the status of the reexaminations and the litigation, and the parties' representations in their recent filings as to the time by which they could prepare proposed schedules, the Court perceives no reason to continue to stay this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The stay in this action is LIFTED.

2. The stay in the related Novel action (C.A. No. 08-866) is LIFTED. The Clerk of Court is directed to enter this Memorandum Order in C.A. No. 08-866 as well.

3. Civil Action Nos. 10-625 and 08-866 will be CONSOLIDATED.

4. The parties in C.A. Nos. 10-625 and 08-866 shall propose a scheduling order no later than March 31, 2014. They shall include in their proposed order language to consolidate the cases and require filings to be made only in one of the cases.

_____
UNITED STATES DISTRICT JUDGE